

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. W. Allen
District Attorney
52nd Judicial District
Hamilton, Texas

Dear Sir:

Opinion No. O-6742

Re: Transfer of causes from
justice court to county
court where the subject
matter is a misdemeanor
of which the justice
court has no original
jurisdiction. And
related matters.

Your letter of recent date requesting an opinion
from this department is in part as follows:

"I am enclosing the attached letter of
inquiry from the Justice of the Peace of
Precinct No. 1, Comanche County, Texas, and
I request your opinion to me upon the matters
therein set out.

"I am unable to find any statutory authority
for the transfer of causes from Justice Court to
County Court where the subject matter is a mis-
demeanor of which the Justice Court has no original
jurisdiction. I have one case, Ex Parte Holcomb,
131 S. W. 604, where it was held that the transfer
of a cause was held proper.

"Texas Jurisprudence, Vol. 12, p. 395, et seq.
deals with the jurisdiction of the Justice Court
and Ex Parte Curtis, 98 S. W. 2nd 195, holds that
the Justice Court is without authority to issue
the warrant and that the detention is illegal.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I am particularly interested in whether costs can be assessed against the defendant in the event he is eventually fined in County Court, for the costs assessed incident to the Justice Court proceedings. This has been done in some instances where the defendant paid without protest."

The attached letter of inquiry from the Justice of the Peace of Precinct No. 1, Comanche County, Texas, is in part as follows:

"A man was arrested and jailed for drunk driving. He demanded bond. The county attorney was out of town. It seemed there was no one qualified to grant bond. The case was filed in my court. I granted bond. The questions are:

1. Was this a legal procedure?

2. Can this case be transferred to County Court, which is the court of proper jurisdiction?

3. Was this a valid bond?

4. Do I get a fee as in other examining trials?

"Please advise me as to proper procedure in a case like this."

Article 802, Vernon's Annotated Penal Code, as amended, is as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

In misdemeanor cases, such as include violations of Article 802, supra, the exclusive original jurisdiction for trial lies in the county courts. Article V, Section 16, Constitution of Texas; Article 56, Code of Criminal Procedure. Since the county court has exclusive original jurisdiction in the case referred to in your request, the justice of the peace is without authority to try the same.

Judicial action without jurisdiction is void and where the court determines that it is without jurisdiction, it must decline jurisdiction and dismiss the suit. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Treaccar v. City of Galveston, 28 S. W. (2d) 276, error dismissed.

In our Opinion No. O-1953 a complaint, charging a defendant with a misdemeanor over which the county court and the justice court had concurrent jurisdiction, was originally filed in the county court. The county court transferred it to the justice court. It was held in said opinion:

> ". . . After the above mentioned case had been filed in the county court, the Judge thereof had no legal authority to transfer the case to the justice court. Therefore, the justice court has never legally acquired jurisdiction of this case unless the case was first dismissed in the county court and re-filed in the said justice court.

> "In view of the facts stated in your letters and the above-mentioned authorities, you are respectfully advised that it is the opinion of this department that to simplify the procedure in the above-mentioned case you should dismiss the case as originally filed in the county court and also in the justice court, and re-file the case in either court as you may determine."

In view of the foregoing it is the opinion of this department that any order of the justice court made in the instant case, other than an order of dismissal, is void. We are aware of the case of Ex parte Holcomb cited by you. However, in that case the court allowed the justice of the peace to transfer the case to the county court because it had concurrent jurisdiction over one count coupled with the fact that he did not have jurisdiction over the other count. In the instant case the justice court has no jurisdiction and the justice of the peace should dismiss the cause and same re-filed in the county court.

Hon. H. W. Allen,  page 4


We assume from the facts presented in your request that no examining trial was held and we know of no provision allowing the justice of the peace a fee for the services performed.

Costs that are to be paid by the defendant in criminal actions are provided for in Title 15, Chapter 4, Code of Criminal Procedure. We have carefully studied Title 15 and fail to find any provision whereby costs can be assessed against the defendant incident to the justice court proceeding in your fact situation since the justice court has no jurisdiction and the proceeding should be dismissed. See Breckenridge v. State, 11 S. W. 630.

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    J. C. Davis, Jr.
        J. C. Davis, Jr.
            Assistant

By    John Reeves
            John Reeves

JR:LJ



APPROVED
OPINION
COMMITTEE
BY B1073-